## LEVINSON v SUN OUTFITTING CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 11, 1932

Cohen, Mack & Hurtig, Cincinnati, for plaintiff in error.

Simeon M. Johnson, Cincinnati, Frederic W. Johnson and D. R. Tate, Cincinnati, for defendant in error.

HAMILTON, J.

The petition in error presents several specifications of error, but the main question argued here concerns the construction of **paragraph 2 of §1558-6 GC**, which is as follows:

"In all actions and proceedings for the recovery of money or personal property of which the Court of Common Pleas has, or may be given jurisdiction when the amount claimed by any party, or the alleged value of the personal property sought to be recovered, does not exceed one thousand ($1,000) dollars, and in such actions judgment may be rendered for over one thousand ($1,000) dollars when the amount over one thousand ($1,000) dollars shall consist of interest or damages, or court costs accrued after the commencement of the action."

It is argued by plaintiff in error that the proper construction of this paragraph is, that the language "and in such actions judgment may be rendered for over one thousand ($1,000) dollars when the amount over one thousand ($1,000) dollars shall consist of interest or damages, or court costs accrued after the commencement of the action," authorizes the suit for the amount of $1,000, with interest accruing prior to the commencement of the action; that the words "accrued after the commencement of the action" have reference to court costs only.

The contention of the defendant in error is, that the words "accrued after the commencement of the action" refer to interest, damages, and court costs, and, therefore, the attempt to collect interest accruing prior to the commencement of the action in addition to the $1,000 deprived the Municipal Court of jurisdiction.

We are of opinion that the "interest and damages" refer to interest and damages accruing after the commencement of the action. This construction is borne out by the fact that to limit the words "accrued after the commencement of the action" to "court costs" would be mere surplusage or without sense, since there could be no court costs accruing until after the commencement of the action.

Therefore, as to the proper construction to be placed on **paragraph 2 of §1558-6, GC,** the Court of Common Pleas was correct in holding that the section refers to interest accruing after the commencement of the action.

However, the cross-bill of particulars recites that there was a balance due of $1,200 to Levinson, and then follows this waiver: "Defendant waives the excess amount over One Thousand ($1,000) Dollars." This waiver gave the Municipal Court jurisdiction.

Nothing is said concerning interest except in the prayer, wherein defendant asks for interest from February 28, 1927, which was from a date approximately some three years preceding the filing of the suit.

It is the law that the prayer is no part of the petition or cross-petition. The waiver expressly waives all in excess of $1,000. The fact that he prayed for more than he was entitled to, would not change the cause of action nor the waiver, which is expressly limited to $1,000, of which amount the Municipal Court has jurisdiction. While it could not give judgment for the amount asked, it could give a proper judgment up to the amount of $1,000 under the waiver. The trial court erred in its findings on the cross-bill in excess of $1,000.

We have studied the transcript and are of the opinion that the judgment is manifestly against the weight of the evidence, and the Court of Common Pleas should have reversed the cause on that ground.

The conclusion is, that the Court of Common Pleas erred in entering judgment in favor of the Sun Outfitting Company. It should have remanded the case to the Municipal Court for a new trial.

The judgment of the Court of Common Pleas, entering judgment for the plaintiff in error in that court, is reversed and the cause will be remanded to the Court of Common Pleas, with instructions to remand the case to the Municipal Court of Cincinnati for a new trial and further proceedings according to law.

ROSS, PJ, and CUSHING, J, concur.